13-3695, 13-4327
Lin, Lin v. Sessions

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand seventeen.

PRESENT:
        JON O. NEWMAN,
        DENNIS JACOBS,
        PIERRE N. LEVAL,
            *Circuit Judges.*

_____

| | |
|---|---|
| LI XIAN LIN, JING CHENG JIANG v. SESSIONS, A094 783 453, A075 836 455 | 13-3695 |

_____

| | |
|---|---|
| QIAO LIN v. SESSIONS, A099 683 747 | 13-4327 |

_____

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

These petitions challenge decisions of the BIA that affirmed decisions of Immigration Judges ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denied motions to remand in the first instance. The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58, 168-69 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

Petitioners, all natives and citizens of China, applied for asylum, withholding of removal, and CAT relief based on claims that they fear persecution because they have violated China's population control program with the birth of their children in the United States. For largely the same reasons as this Court set forth in *Jian Hui Shao*, we find no error in the BIA's determination that Petitioners failed to demonstrate a well-founded fear of persecution based on the birth of their children. *See* 546 F.3d at 158-72; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Insofar as Petitioners' motions to remand were based on their practice of religion or Falun Gong in the United States, the BIA did not err in finding that they failed to demonstrate

2

their prima facie eligibility for relief.  The Petitioners did not submit evidence that Chinese authorities are aware of, or likely to become aware of, their practices.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *see also Jian Hui Shao*, 546 F.3d at 168.

For the foregoing reasons, the petitions for review are DENIED.

```
                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk
```

3